**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**TAM MINH TRAN**                                                                                                **PLAINTIFF**

**V.**                                          **CASE NO. 2:11-CV-152-MTP**

**RON KING, et al.**                                                       **DEFENDANTS**

**OPINION AND ORDER**

Defendants Ron King, Debra Platt, and Sheneice Hartfield move for summary judgment on the claims asserted against them in this 42 U.S.C. § 1983 action. Doc. [29]. The Defendants argue that they cannot be held liable in their personal or official capacities based on the principles of qualified and sovereign immunity. The Plaintiff did not respond to the motion though he was granted an additional opportunity to do so. *See* Order [31]. Having considered the motion, record, and applicable law, the Court finds that the Defendants' motion is well taken and should be granted as set forth in this opinion.

FACTUAL BACKGROUND

Plaintiff Tam Minh Tran, proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 lawsuit on July 26, 2011, alleging that certain prison officials violated his constitutional rights while he was housed as a post conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. The Defendants in this case are Ron King, Debra Platt, and Sheneice Hartfield. Ron King is the superintendent at SMCI. Debra Platt and Sheneice Hartfield are officers at SMCI. Since the Plaintiff's claims arise under § 1983, this Court has jurisdiction based on a federal question. *See* 28 U.S.C. § 1331.

On October 30, 2012, a hearing was conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), at which time Mr. Tran clarified his claims against the Defendants. The

Plaintiff alleges that he received a false Rules Violation Report ("RVR") after officers conducted a routine shakedown of the building where he was housed at SMCI. During the search, officers allegedly found the back of a cellular telephone in Tran's cell, or housing unit. Tran claims that Defendant Sheneice Hartfield did not search his cell, but wrote the false RVR against him for possession of illegal contraband. Tran asserts that the RVR contained other incorrect information such as the building where the contraband was allegedly found.

According to the Plaintiff, Defendant Debra Platt served as the disciplinary officer at the hearing on the RVR at issue. Tran asserts that, during the hearing, Platt disregarded his requests to see the contraband allegedly found in his cell. At the conclusion of the hearing, Tran was found guilty and lost the following privileges: 180 days of good time credits and 90 days commissary, telephone privileges, and visitation. Tran appealed the ruling, but Platt denied his request and affirmed her ruling. Tran then appealed to Superintendent Ron King. Tran claims that King agreed that the RVR contained errors, but found that those errors did not warrant a reversal of Platt's ruling at the disciplinary hearing. In this lawsuit, Tran requests that the Court order the Defendants to remove the RVR from his record and pay him monetary damages. He specifically requests $5,000 in compensatory damages from each Defendant; $10,000 aggregate for the alleged violations of his constitutional rights; and $20,000 aggregate in punitive damages.

At this time, the Defendants move for summary judgment on the claims asserted against them. They argue that the Eleventh Amendment bars lawsuits against them in their official capacities and that qualified immunity precludes them from being held liable in their individual capacities. As such, the Defendants argue that the Plaintiff cannot establish liability against them and that summary judgment should be entered in their favor.

Although the Plaintiff did not file a response to the motion, Fifth Circuit law provides

that unopposed dispositive motions should not be granted unless there is a "clear record of delay or contumacious conduct." *Johnson v. Pettiford*, 442 F.3d 917, 919 (5th Cir. 2006) (quoting *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980)).  There is no such record in this case.  Likewise, the local rules of this Court do not permit a dispositive motion to be granted merely because no response is filed.  *See* L.U. Civ. R. 7(b)(3)(E).  The Court will therefore examine the merits of the Defendants' motion and determine whether summary judgment is proper at this time.

### STANDARD OF REVIEW

"Summary judgment is appropriate if he moving party can show that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)).  "A factual dispute is 'genuine' where a reasonable party would return a verdict for the non-moving party." *Chiu v. Plano Indep. Sch. Dist.,* 339 F.3d 273, 282 (5th Cir. 2003) (quoting *Lukan v. North Forest Indep. Sch. Dist.,* 183 F.3d 342, 345 (5th Cir. 1999).  When considering a summary judgment motion, a court "must view all facts and evidence in the light most favorable to the non-moving party."  *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) (citing *Bridgmon v. Array Sys. Corp.,* 325 F.3d 572, 577 (5th Cir. 2003); *Hugh Symons Group, plc v. Motorola, Inc.*, 2929 F.3d 466, 468 (5th Cir. 2002)).

DISCUSSION

Liberally construing the Plaintiff's allegations, it appears his claim is that the Defendants effectively denied him due process at the disciplinary hearing by not giving him an opportunity to view the contraband that was allegedly found in his cell and by preparing an RVR against him that contained incorrect information. The Defendants argue that they are entitled to judgment as a matter of law based on Eleventh Amendment immunity and qualified immunity. The Court will review the Plaintiff's claims and determine whether he can establish liability against the Defendants.

I.      Eleventh Amendment Immunity

Any claim for money damages against the Defendants in their official capacity is barred by the Eleventh Amendment. A claim "against a state official that is in fact a [claim] against a State is barred regardless of whether it seeks damages or injunctive relief." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). A cause of action "against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). A state that has not consented to federal jurisdiction "is immune from suits brought in federal court by her own citizens as well as by the citizens of another state." *Pennhurst*, 465 U.S. at 100.

Tran's official capacity claims against Superintendent King, Officer Hartfield, and Officer Platt are essentially claims against the State of Mississippi. Mississippi has not consented to suit in this Court or otherwise waived its immunity; therefore, neither it nor the defendant prison officials can be held liable for money damages.[1] Therefore, Tran's claims for

---

[1] *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (stating that the Eleventh Amendment bars claims for money damages asserted against prison officials in their official capacities).

monetary damages against the Defendants in their official capacities must be dismissed. Further, any claim for injunctive relief must also be dismissed because the *Ex Parte Young* exception does not apply.

In *Ex Parte Young*, the Supreme Court recognized a narrow exception to Eleventh Amendment immunity which allows a state official to be sued in his or her official capacity for injunctive relief. 209 U.S. 123, 159-160 (1908). "This exception strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law." *McKinley v. Abbott*, 643 F.3d 403, 406 (5th Cir. 2011). A state official can be sued in his or her official capacity for injunctive relief under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14 (1985) (citing *Ex parte Young*, 209 U.S. at 159-160).

In this case, the Plaintiff seeks retroactive injunctive relief. He requests that the RVR at issue be removed from his prison record. Since Tran does not seek prospective relief, the *Ex Parte Young* exception does not apply in this case. Accordingly, the Defendants are entitled to summary judgment on the claims for monetary and injunctive relief asserted against them in their official capacities.

II.   Qualified Immunity

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006) (quoting *Harlow v. Fitzgerald,* 457 U.S., 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "This entitlement, qualified immunity, is "an *immunity from*

*suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (stating that qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation" under certain circumstances).

"A government official is entitled to qualified immunity if either (1) the plaintiff failed to state a constitutional claim or (2) the defendant's conduct was objectively reasonable in light of the clearly established law." *Easter*, 467 F.3d at 462.  Once the defense of qualified immunity is raised, "the burden shifts to the plaintiff who may rebut entitlement to immunity by demonstrating that 'the official's allegedly wrongful conduct violated clearly established law.'" *Sama v. Hannigan*, 669 F.3d 585, 591 (5th Cir. 2012) (quoting *Kovacic v. Villarreal*, 628 F.3d 209, 211-12 (5th Cir. 2010)).

At the time the Plaintiff alleges his constitutional rights were violated, the Defendants were acting as prison employees.  According to the RVR at issue, Officer Hartfield found illegal contraband in Tran's locker box while she searched, or performed a shakedown of, his cell on December 13, 2010.  Doc. [29-1] at 1.  On the actual RVR form, different Mississippi Department of Corrections ("MDOC") inmate numbers are listed for Tran.  *Id.*  At the top of the form, the Plaintiff is identified by name and MDOC number 95594. *Id.*  Under the "Circumstances and Details" section of the form, Tran is listed twice by MDOC number 95594 and once by MDOC number 05594.  *Id.*  Also, at the top of the RVR form, Officer Hartfield incorrectly listed Unit B2 as the unit where Tran was housed and the search was performed.  *Id.*  The Plaintiff claims that he was housed in Unit B1 at the time of the search.

Based on the discrepancies on the RVR form and on the contraband not being presented at the hearing, Tran appealed Officer Platt's ruling through the Administrative Remedy Program

("ARP"). Tran argued that he should not have been found guilty because an incorrect MDOC number and unit number were listed on the RVR form. Doc. [29-1] at 6-7. He argued that his inmate number was 95594 and that the ruling should be reversed because the RVR against him stated that illegal contraband was found in the locker box of inmate number 05594. *Id*. at 7. In denying his appeal, Officer Platt stated that there was "no evidence to prove that Offender Tran did not have the electronic part in is possession." Doc. [29-1] at 9. Tran filed a second step ARP, arguing that he had been advised by the warden and assistant warden at SMCI that the RVR should be thrown out due to administrative error. *Id*. at 12-13. On June 3, 2011, Superintendent King denied Tran's second step ARP appeal, stating that he found "no errors on the RVR that would call for it to be dismissed." *Id*. at 16. He further stated that if the warden or deputy warden wanted to dismiss the RVR, as Tran claimed, they could have done so when they signed off on the RVR "as the Reviewing Superintendent/Warden." *Id*.

In reviewing the record, the Court finds that the Plaintiff has not shown he was denied due process through the ARP process at SMCI. Instead, Tran's claim is based on his dissatisfaction with the ruling at his hearing and on appeal.[2] "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965)). The Supreme Court has adopted a two-step analysis for courts to use in determining whether there has been a due process violation. First, a court should ask whether there has been a "liberty or

---

[2] While prisoners may have a protected liberty interest in prison grievance procedures, *see Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993), they do not have a one in having grievances resolved in their favor or to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). To the extent Tran's claim is based on a dissatisfaction with the ruling on his RVR, he has not stated a constitutional violation.

property interest which has been interfered with by the State," and then determine whether that process "was constitutionally adequate." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990); *see Bowlby v. City of Aberdeen, Mississippi,* 681 F.3d 215, 220 (5th Cir. 2012).

In this case, Tran was afforded a disciplinary hearing on the RVR at issue. He claims, however, that he was not allowed to see the illegal contraband at the hearing. He asserts that based on not being able to see the evidence and on the errors on the actual RVR, he should not have been found guilty. The errors that Tran complains of are typographical errors. The correct inmate number appears on the RVR in two places. The incorrect number is listed once alongside his name. The building number where he was housed is incorrect, but the housing zone and bed number are correct. Tran notified SMCI officials of these typographical errors and, upon review, Superintendent King found that the errors did not warrant dismissal of the RVR because there was no evidence of Tran's innocence.

In this lawsuit, Tran alleges for the first time that Officer Hartfield did not perform the search of his cell. Regardless of whether Officer Hartfield or another officer at the prison conducted the search, the evidence in the record shows that a back of a cellular telephone was found in Tran's locker box. *See* Doc. [29-1] at 1.

The United States Supreme Court has held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if 'there was some evidence from which the conclusion of the administrative tribunal could be deduced . . . '" *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985) (quoting *United States ex rel. Vajtauer v. Commissoner of Immigration,* 273 U.S. 103, 106 (1927).

Included in the record is an MDOC disciplinary statement form that was completed by an

inmate who allegedly witnessed the search of Tran's cell.  The inmate states that he "was watching the officer as she was shaking down Inmate Tran and honestly she found just a back to a phone and it was on top of his rack, not inside his locker."  Doc. [29-1] at 3.  It is unclear whether this statement was offered by Tran in support of his case or by an officer at the prison.  In either event, the statement supports Officer Platt's finding that Tran violated prison policy by having illegal contraband in his possession.  Since there is evidence supporting Officer Platt's ruling, which was affirmed by Superintendent King, the Plaintiff cannot show that he was denied his right to due process with respect to the disciplinary hearing.  *See Hill*, 472 U.S. at 456 ("The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.").

According to Fifth Circuit case law, the Defendants are "entitled to qualified immunity if . . . the plaintiff failed to state a constitutional claim."  *Easter*, 467 F.3d at 462.  Here, the Plaintiff fails to meet his burden of showing a denial of due process and he does not allege any other constitutional violation against the Defendants.  Therefore, qualified immunity applies to shield Superintendent King, Officer Hartfield, and Officer Platt from personal liability in this case.  The Defendants are entitled to summary judgment on the claims asserted against them in their official and individual capacities as a matter of law.

## CONCLUSION

Based on the above analysis, the Court finds that the Defendants cannot be held liable in this case based on qualified immunity and Eleventh Amendment immunity.  The Motion for Summary Judgment [29] is well taken and is hereby granted.  Pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered.

SO ORDERED, this the 18th day of September, 2013.

                                                **/s/MICHAEL T. PARKER**
                                                UNITED STATES MAGISTRATE JUDGE